# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JAMES NERO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No.: PX-19-111

## MEMORANDUM OPINION

On January 9, 2019, Petitioner James Nero filed a pleading entitled "Motion" seeking to reopen a previously dismissed petition for writ of habeas corpus and citing 28 U.S.C. § 2241. ECF No. 1. This pleading is construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 because it concerns Nero's conviction of armed robbery and related offenses from the Circuit Court for Montgomery County, Maryland. *See* ECF No. 1-1.

Nero has filed similar actions in the past. *See Nero v. Warden*, Civ. Action DKC-16-852 (D. Md. 2016); *Nero v. Oddo*, Civ. Action PX-17-1263 (D. Md. 2017), *see also Nero v. State of Maryland*, Civil Action DKC-10-1024 (D. Md. 2010) (diversity action raising claim under Maryland's Public Information Act). The first petition for habeas relief was dismissed without prejudice as unexhausted. The second petition was dismissed as time-barred. Nero did not appeal either dismissal.

With this petition, Nero has submitted to this Court a letter addressed to him from the Maryland Court of Special Appeals dated December 17, 2018. ECF No. 1-1 at p. 1. The letter references Nero's recently filed motion which had been returned to him because no appeal was pending before the Court of Special Appeals. *Id*. Nero also attaches what appears to be the

pleading referenced in the court's letter, which seeks vacatur of his Montgomery County Circuit Court conviction. *Id*. at pp. 2-9. Review of the Montgomery County Circuit Court's electronic docket reflects that the case has been inactive since 2004, and Nero has yet to file in state court a petition for post-conviction relief or otherwise collaterally attack his conviction. *See State of Maryland v. Nero*, Case No. 89418C (Mont. Co. Cir. Ct. 2000).

http://casesearch.courts.state.md.us/inquiry. Accordingly, Nero seems to face the same impediments to seeking federal habeas relief with respect to his Montgomery County Circuit Court conviction. As this Court stated in its February 20, 2018 Memorandum Opinion:

> Nero has never presented anything to the Circuit Court for Montgomery County asserting his entitlement to post-conviction relief, so it is impossible to discern whether Nero satisfies Maryland's demanding standard applicable to post-conviction petition filed outside of the ten-year limitation period. *See* Md. Crim. Proc., Code Ann. § 7-103(b) (requiring a showing of "extraordinary cause" for untimely petition for post-conviction relief). Nor can Nero credibly maintain that his struggle to obtain trial transcripts justifies this failure to mount any postconviction challenge. Nero obtained the transcripts in 2010I and has simply not acted with due diligence to file a state post-conviction petition. Where, as here, a petitioner has failed to exhaust a claim before the state courts, and any available procedure for state court review still exists, the claim is not exhausted. *See* 28 U.S.C. § 2254(c); *Gray v. Netherland*, 518 U.S. at 161-66.
>
> Nero's claim of actual innocence, asserted to excuse the above-described deficiencies, fares no better. This is because Nero "actual innocence" claim is no more than a thinly veiled challenge to the sufficiency of the underlying criminal indictment (which he claims was not a "true bill") and to his conviction solely because his codefendant was acquitted of conspiracy. ECF No. 9 at p. 1. The balance of his reply reiterates that the sentencing judge denied Nero access to "needed court documents for 10 years and transcripts that he requested numerous times" which foreclosed his opportunity to pursue his claims of ineffective assistance of counsel. *Id*. at pp. 2 – 3. Nor does Nero's actual innocence claim present new evidence or otherwise affirmatively demonstrate his innocence.
>
> Along these lines, Nero's reliance on *Clark v. Clarke*, 648 F.App'x 333 (4th Cir. 2016) is misplaced. In *Clark*, trial counsel had ad vised Clark to enter an Alford plea even though "a mass of exculpatory evidence" demonstrated "that Clark was not guilty of the offenses charged." *Id*. at 334. Supporting his actual innocence claim, Clark "proffered post-conviction affidavits and letters in which

> eyewitnesses, including one of the two victims, averring that Clark was not a perpetrator of the shooting." *Id.* Nero makes no similar showing. Accordingly, neither Nero's untimely filing of this petition, nor the failure to present any of the claims to the state courts for consideration, is excused. Nero's relief sought is denied and the petition will be dismissed as untimely.

*Nero*, Civ. Action PX-17-1263 at ECF No. 12, pp. 9-10 (footnote omitted).

Because the Court can discern no change in Nero's state case since this Court's last dismissal, the Court dismisses this Petition for the same reasons previously articulated. Additionally, the petition is successive and must be dismissed because Nero had not obtained from the United States Court of Appeals for the Fourth Circuit authorization for filing a second or successive petition. *See* 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). By separate Order, the petition shall be dismissed.

Where, as here, a district court dismisses a habeas petition on procedural grounds, the Court will issue a certificate of appealability if the petitioner demonstrates both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Given the absence of any cogent claim to excuse the untimeliness of this petition, this Court finds that no reasonable jurist would find the Court's determination debatable.

| 2/1/19 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |

3